UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN T. HILL, CDCR #H-67149,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER SHAFFER, Chief Commissioner for BPH; BRIAN ROBERTS, Commissioner for BPH; RICHARD JALLINS, Associate Chief Deputy Commissioner; DAVIS S. WILDMAN, Ph.D, Forensic Psychologist for BPH; JASMINE A. TEHRANI, Senior Psychologist/Supervisor; PHILLIP OSULA; KEITH WATTLEY,<br><br>Defendants. | Case No. 3:24-cv-01131-JES-MSB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>[ECF No. 2] |

Plaintiff Brian T. Hill, a state prisoner currently incarcerated at the California Training Facility ("CTF") in Soledad, California, and proceeding without counsel, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF Nos. 1, 2.) Hill claims various members of the California Board of Parole Hearings ("BPH") denied his rights to

due process and effective assistance of counsel during a March 2, 2017 BPH hearing at Calipatria State Prison ("CAL") during which he was determined unsuitable for release on parole. (*See* "Compl." ECF No. 1 at 1–2, 7–22.) Hill seeks more than $4 million in general and punitive damages and asks to be "released from prison." (*Id*. at 25.)

## MOTION TO PROCEED IN FORMA PAUPERIS

### A.   Legal Standards

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350 fee, and those not granted leave to proceed IFP must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Hill, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing 'imminent danger of serious physical injury.'" *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.") "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were

2

dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim,'" *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

### B.  Plaintiff's Prior "Strikes"

While defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. That is the case here.

Courts may "'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023) (citation omitted). Based on a review of its own dockets and other court proceedings publicly available on PACER, the Court finds that Plaintiff Brian T. Hill, currently identified as California Department of Corrections and Rehabilitation ("CDCR") Inmate #H-67149, while incarcerated, has had three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

> (1) *Hill v. Prunty*, et al., Civil Case No. 3:96-cv-00844-J-JFS (S.D. Cal. Sept. 11, 1997) (Order Granting Defendants' Motion to Dismiss pursuant to 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 12(b)(6)) (ECF No. 19) (strike one)[1];

---

[1] *See El-Shaddai*, 833 F.3d at 1043–44 (noting that in those "rare cases where a failure to exhaust is clear from the face of the complaint," a dismissal may be proper under Fed. R.

(2) *Hill v. Prunty et al.*, Civil Case No. 3:00-cv-00012-J-LAB (S.D. Cal. May 3, 2001) (Order Dismissing Second Amended Complaint without leave to amend and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6)) (ECF No. 32) (strike two),[2] and

(3) *Hill v. Diaz, et al.*, Civil Case No. 2:19-cv-08989-MWF-JC (C.D. Cal., West. Div., Nov. 1, 2022) (Screening Order Dismissing Second Amended Complaint against multiple Defendants for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)) (ECF No. 45); *id.* (C.D. Cal., West. Div., Jan. 3. 2024) (Report and Recommendation ("R&R") to grant remaining Defendants' Motion to Dismiss Second Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)) (ECF No. 67); *id.* (C.D. Cal., West. Div., April 12, 2024) (Order Accepting R&R and Granting Defendants' Motion to Dismiss Second Amended Complaint for Failing to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6)) (ECF No. 83) (strike three).[3]

---

Civ. P. 12(b)(6) and therefore count as a "strike" for failure to state a claim under § 1915(g)) (citing *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc)); *see also Garrett v. Diaz,* 2021 WL 3209913, at *3 (S.D. Cal. July 29, 2021) (counting dismissal based on Plaintiff's admissions of non-exhaustion pursuant to 42 U.S.C. § 1997e(a) as a strike under § 1915(g)); *Cruz v. Pierston, et al.*, 2020 WL 264399, at *3 (N.D. Cal. Jan. 1, 2020) (counting dismissal for failure to exhaust "clear from the face of complaint" as a strike pursuant to 28 U.S.C. § 1915(g)) (citing *El-Shaddai*, 833 F.3d at 1043–44)*; Cruz v. Chappuis*, 2020 WL 1304396, at *1 n.1 (E.D. Cal. March 19, 2020) (Report and Recommendation to Deny IFP pursuant to 28 U.S.C. § 1915(g) and noting one dismissal "qualifie[d] as a strike under *El-Shaddai* [...] because plaintiff's failure to exhaust was clear from the face of the complaint."), *report and recommendation adopted*, 2020 WL 8614221 (E.D. Cal. Apr. 27, 2020).

[2] This case counts a strike under § 1915(g) because the Court granted Defendants' 12(b)(6) motion and dismissed Hill's case "as a whole" for two separate qualifying reasons: 1) it was clear from the face of his pleading that several claims were time-barred; and 2) the remaining claims failed to state a claim upon which § 1983 relief could be granted. *See Hoffman v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019); *Belanus v. Clark*, 796 F.3d 1021, 1024–25 (9th Cir. 2007) (concluding that Fed. R. Civ. P. 12(b)(6) dismissal of time-barred complaint "for failure to state a cause of action upon which relief could be granted" was properly "assessed as a strike" pursuant to 28 U.S.C. § 1915(g)).

[3] *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) (finding that the failure to amend, via voluntary dismissal, does "not negate the determination already made by the

Accordingly, because Hill, while incarcerated, accumulated three qualifying strikes pursuant to § 1915(g) before he filed this case, he cannot proceed IFP unless he meets the imminent danger exception to the three strikes provision of the PLRA.

### C. Imminent Danger of Serious Physical Injury

In order to qualify for § 1915(g)'s exception, Hill's pleading must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055; *see also* 28 U.S.C. § 1915(g). "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *Cervantes*, 493 F.3d at 1056, and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053). Instead, "the exception functions as a limited safety valve for a prisoner who has exhausted his three strikes but nevertheless faces imminent danger stemming from the violations of law alleged in his complaint." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

Hill has exhausted his three strikes, but he does not allege to face any danger whatsoever related to the 2017 parole consideration hearing violations which are the subject of his Complaint. *Id.* In fact, Hill is no longer incarcerated at CAL where the 2017 hearing is alleged to have taken place, and he fails to allege any "ongoing danger" at CTF that is "fairly traceable to [the] unlawful conduct alleged in his complaint." *Cervantes*, 493 F.3d at 1057; *Ray*, 31 F.4th at 701. "[A]n extended prison sentence or denial of parole does not necessarily implicate an imminent danger of serious bodily harm as required under 28 U.S.C. § 1915(g)." *Bayramoglu v. Cate*, No. C 13-1094 YGR (PR), 2014 WL 3704798, at

---

Court that the complaint [plaintiff] had filed ... failed to state a claim."); *id.* at 1143 ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

*6 (N.D. Cal. July 23, 2014).

"The right to proceed *in forma pauperis* is not an unqualified one. […] It is a privilege, rather than a right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted). Section 1915(g) "does not prevent all prisoner from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status." *Rodriguez*, 169 F.3d at 1180. Thus, because Hill's litigation history shows he is one of those prisoners, and he does not plausibly allege to have been in "imminent danger of serious physical injury" at the time he filed his Complaint, the Court **DENIES** him leave to to proceed IFP in this action. *See Cervantes,* 493 F.3d at 1055.

## SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A.   Standard of Review

Even if Hill paid the full filing fee or were eligible to proceed IFP, however, 28 U.S.C. § 1915A, also enacted by the PLRA, requires *sua sponte* dismissal of prisoner complaints, or any portions of them, which are "frivolous, malicious," those that "fail[ ] to state a claim upon which relief may be granted," or those that "seek[] monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1), (2); *Coleman v. Tollefson*, 575 U.S. 532, 538–39 (2015). Section 1915A(a) "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g., Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000).

"On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28

U.S.C. § 1915A(b)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2(9th Cir. 1995) (citations and internal quotation marks omitted). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (citation omitted).

**B.     Discussion**

Hill's Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. §1915A(b)(1) and (2) because it is clear from the face of his pleading that his 2017 parole hearing claims are time-barred and duplicative of those previously raised and denied in both Los Angeles County Superior Court and in a Central District of California § 2254 habeas corpus proceeding.

*1.     Statute of Limitations*

First, Hill filed his Complaint on June 27, 2024, but he seeks to challenge the validity of a parole suitability consideration hearing that took place more than seven years before—on March 2, 2017. (*See* ECF No. 1 at 1, 3–6, 10, 18; ECF No. 1-2, Exs. A–D.) "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations […] when 'the running of the statute is apparent on the face of the complaint[,]'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir.2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)), and the plaintiff alleges no facts to show he is entitled to tolling. *See Cervantes v. City of San Diego,* 5 F.3d 1273, 1276–77 (9th Cir. 1993); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may *sua sponte* raise the defense of statute of limitations), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc).

In Section 1983 actions, federal courts "borrow" the limitations and tolling rules

from the forum state. *See Hardin v. Straub*, 490 U.S. 536, 538 (1989); *TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999). Federal courts thus apply California's personal injury limitation period for analogous Section 1983 claims arising in California. *See Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). In California, the applicable statute of limitation is two years. *See* Cal. Civ. Proc. Code § 335.1; *Pouncil*, 704 F.3d at 573. The accrual date of a Section 1983 cause of action, on the other hand, "is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388. Under federal law, a Section 1983 claim accrues, for the purposes of the running of the limitation period, when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted).

Here, Hill concedes and his exhibits show he was notified by BPH officials in September and November 2016 that his parole consideration hearing would be held in early March 2017, and that he would be appointed counsel to represent him. (*See* ECF No. 1 at 5–6; ECF No. 1-2 at 3–8.) Hill claims his rights were violated both in the timing and during the process of that hearing, and as a result, he was determined ineligible for release on parole for a period of seven years. (*See* ECF No. 1. at 1, 6.) Based on this timeline, which is clear from the face of Hill's pleadings, the Court finds he knew or had reason to know of the injury that forms the basis of this action, *i.e.*, that his claims accrued, on March 2, 2017, when he claims his parole was wrongly denied. *See Douglas*, 567 F.3d at 1109; *see also Johnson v. Kane*, 2017 WL 1063703, *5 (E.D. Cal. March 20, 2017) (finding California prisoner's parole-related § 1983 claims accrued for when he "became aware of his alleged injuries on or before his parole hearing."). Therefore, absent a showing he is entitled to either statutory or equitable tolling, the statute of limitations for Hill's claims expired on or about March 2, 2019. *See* Cal. Civ. Proc. Code § 335.1; *Pouncil*, 704 F.3d at 573; *see also Cervantes*, 5 F.3d at 1276–77.

While Hill does not expressly seek statutory tolling, both the exhibits attached to his

Complaint and a § 2254 habeas petition he filed in the Central District of California in 2011 reveal he was convicted of first degree murder and attempted first degree murder with the use of a firearm in Los Angeles County Superior Court in 1993, sentenced to a term of "less than life," and therefore is entitled to 2 years of tolling—or until March 2, 2021— pursuant to Cal. Civ. Code § 352.1(a). *See* ECF No. 1-2 at 10; *see also Hill v. Uribe*, Civil Case No. 2:11-cv-03502-JC (C.D. Cal., West. Div. April 25, 2011) (ECF No. 1 at 3); *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023) (noting courts may "'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citation omitted). Hill did not file his Complaint in this case until June 27, 2024 however; therefore, his parole hearing claims still come more than three years too late.

Lastly, Hill's claims might nevertheless be considered timely if he included facts on the face of his pleading to show the limitations period was equitably tolled. *See Cervantes*, 5 F.3d at 1276–77. Under California law, however, Hill must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316–17 (1978); *Fink*, 192 F.3d at 916. However, Hill has not pleaded any facts to explain why he did not diligently pursue a § 1983 challenge to his 2017 parole consideration denial, or describe what "forces beyond his control" prevented him from filing this action earlier. Thus, he has not plausibly alleged a claim for equitable tolling either. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff carries the burden to plead facts which would give rise to equitable tolling); *see also Kleinhammer v. City of Paso Robles*, 385 Fed. App'x 642, 643 (9th Cir. 2010).

Accordingly, the Court finds that even if Hill were entitled to proceed IFP, or paid the filing fee, his claims are barred by the statute of limitations, and his entire Complaint

1  must be dismissed for failing to state a claim upon which section 1983 relief may be
2  granted. *See* 28 U.S.C. § 1915A(b)(1); *Von Saher*, 592 F.3d at 969; *Olivas*, 856 F.3d at
3  1283.

4    2. Res Judicata

5   Finally, the doctrine of res judicata bars a party from re-litigating claims that were
6  raised or could have been raised in a prior action. *Owens v. Kaiser Foundation Health Plan,*
7  *Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata precludes a subsequent suit when
8  there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity
9  between the parties." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir.
10 2005) (quoting *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322
11 F.3d 1064, 1077 (9th Cir. 2003) (citations omitted)). Specifically, "a prior judgment in a
12 federal habeas corpus proceeding may have preclusive effect in an action brought under §
13 1983." *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1992); *see also Silverton v. Dep't of*
14 *the Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("[W]e hold that because of the nature
15 of a state habeas proceeding, a decision actually rendered should preclude an identical issue
16 from being relitigated in a subsequent §1983 action if the state habeas court afforded a full
17 and fair opportunity for the issue to be heard and determined under federal standards.").
18 The Court may consider the res judicata effect of a prior proceeding *sua sponte*. *Hawkins*,
19 984 F.2d at 324.

20  Here, the Court finds that even if Hill were entitled to proceed IFP and his suit were
21 timely, he may not relitigate the due process and ineffective assistance of counsel claims
22 related to the March 2017 parole consideration hearing alleged in his Complaint because
23 he has previously raised the identical claims in habeas corpus petitions he filed and had
24 dismissed in the Los Angeles County Superior Court, the California Court of Appeal, the
25 California Supreme Court, and the Central District of California. *See Hill v. Gastelo*, No.
26 2:20-CV-11015-MWF-JC, 2021 WL 4353104, at *1 (C.D. Cal. July 15, 2021) (citing Los
27 Angeles Superior Court Case No. BH011887, ECF No. 1 at 20–32; Cal. Court of Appeal
28 Case No. B298888, ECF No. 1 at 34; Supreme Court of California Case No. S260187, ECF

No. 1 at 36), *report and recommendation adopted*, No. 2:20-CV-11015-MWF-JC, 2022 WL 1080942 (C.D. Cal. Apr. 11, 2022).

The Court specifically takes judicial notice of the Section 2254 petition and attached exhibits Hill filed in the Central District, wherein he challenged, as he does in the Complaint filed here, "a 2017 decision by the California Board of Parole Hearings ('Board') to deny [him] parole, [and] rais[ed] two claims for relief: (1) [that he] was denied due process and a fair and impartial hearing (Ground One); and (2) [his] counsel at the hearing provided ineffective assistance (Ground Two)." *Hill*, 2021 WL 4353104, at *1; *cf.* Compl., ECF No. 1 at 3–15, 18–23.[4] Thus, because the claims raised in this action are identical, the prior proceedings resulted in final judgments on the merits, and there is privity between the parties, the Court finds Hill's claims are also barred by the res judicata principles. *See Hawkins,* 984 F2d at 325 (holding that prior habeas action precluded subsequent § 1983 suit even though plaintiff sought different relief); *McNabb v. Yates*, 576 F.3d 1028, 1029–30 (9th Cir. 2009) (dismissal of time-barred habeas petition is considered a disposition on the merits); *Plaut v. Spendthrift Farm, Inc*., 514 U.S. 211, 228 (1995) ("The rules of finality . . . treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Nelson v. Brown*, No. 11-CV-2202-GPC WVG, 2014 WL 1096189, at *8 (S.D. Cal. Mar. 19, 2014) (finding privity

---

[4] *See Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir.2006) (taking judicial notice of plaintiff's court briefs and hearing transcript in order to determine whether issues actually litigated in prior suit barred present action under the doctrine of issue preclusion); *Egan v. Teets*, 251 F.2d 571 (9th Cir.1957) (finding that district court in a habeas corpus proceeding properly took judicial notice of prior habeas corpus proceedings in same court involving same state prisoner); *Nelson v. Brown*, No. 11-CV-2202-GPC WVG, 2014 WL 1096189, at *3 (S.D. Cal. Mar. 19, 2014) (taking judicial notice of the "existence and legal effect" of court orders and filings in prior federal habeas corpus proceedings to determine whether a prisoner's subsequent § 1983 suit was barred by res judicata).

between the Warden named as Respondent in § 2254 habeas petition and CDCR officials named as Defendants in Plaintiff's subsequent § 1983 suit for purposes of res judicata); *see also Mulligan v. Montana*, No. CV-21-00054-M-DLC, 2021 WL 3617854, at *2 (D. Mont. Aug. 16, 2021) (dismissing § 1983 claims *sua sponte* pursuant to 28 U.S.C. § 1915A(b) as previously raised and dismissed in § 2254 petition).

## CONCLUSION

For all the reasons discussed, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g) [ECF No. 2];

(2) **DISMISSES** this civil action based on Plaintiff's failure to pay the full $405 statutory and administrative civil filing fee required by 28 U.S.C. § 1914(a), and his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b);

(3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: October 22, 2024

Honorable James E. Simmons Jr.
United States District Judge